**CHEN JING, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

No. 04–3055–ag.

United States Court of Appeals, Second Circuit.

July 31, 2007.

Theodore N. Cox, New York, NY, for Petitioner.

Rodger A. Heaton, United States Attorney for the Central District of Illinois, Springfield, Illinois, Hilary W. Frooman,

Assistant United States Attorney for the Southern District of Illinois, Fairview Heights, IL, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, Circuit Judges.

## *SUMMARY ORDER*

Petitioner Chen Jing, a native and citizen of China, seeks review of a May 20, 2004 order of the BIA affirming the March 5, 2003 decision of Immigration Judge ("IJ") Sandy K. Hom, denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jing Chen,* No. A76 682 747 (B.I.A. May 20, 2004), *aff'g* No. A76 682 747 (Immig. Ct. N.Y. City Mar. 5, 2003).[1] We assume the parties' familiarity with the underlying facts and procedural history of the case.

Because the BIA summarily affirmed the decision of the IJ, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). We review the agency's factual findings under the substantial evidence standard. *See, e.g., Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 334–35 (2d Cir.2006).

▪ Upon our review of the record, we conclude that the IJ's denial of asylum and withholding of removal was supported by substantial evidence. Jing's testimony regarding his mother's sterilization does not establish his eligibility for asylum, as children of people persecuted under the family planning policy are not *per se* eligible for

---

1. We note that the IJ's March 2003 decision incorporated by reference his January 1999 decision, denying Jing's application for asy-lum and withholding of removal. Accordingly, we treat the BIA's May 2004 decision as having affirmed both IJ decisions.

asylum. *See Shao Yan Chen v. U.S. Dep't of Justice,* 417 F.3d 303, 305 (2d Cir.2005). Thus, to be eligible for asylum Jing was required to show that he had suffered past persecution or had a well-founded fear of persecution based on something other than his parents' persecution. Because Jing's testimony related solely to the persecution of his parents, he failed to make such a showing. An asylum " 'applicant's testimony will be enough [to sustain his burden of proof] if it is credible, persuasive, and refers to specific facts that give rise to an inference that the applicant has been or has good reason to fear that he or she will be singled out for persecution.' " *Abankwah v. INS,* 185 F.3d 18, 22 (2d Cir.1999) (quoting *Melendez v. United States Dep't of Justice,* 926 F.2d 211, 215 (2d Cir.1991)). Because Jing failed to present any testimony, credible or not, to support his personal claim of persecution based on the 1996 incidents described in his asylum application, there was no evidence to support his application.

With respect to his CAT claim, Jing claims that he will be imprisoned if returned to China because of his past conflicts with the government and because of his illegal departure. In support of his argument, Jing asserts that the country reports demonstrate that imprisonment in China usually involves torture. A petitioner fails to meet his burden for CAT relief where, although the country conditions evidence indicates there were widespread human rights abuses, it does not indicate that someone in the petitioner's particular circumstances would be imprisoned or tortured. *See Mu Xiang Lin v. U.S. Dept. Of Justice,* 432 F.3d 156, 160 (2d Cir.2005). Jing's case is indistinguishable from *Mu Xiang Lin* in that he relies on the general conditions in China, as described in background materials, to infer that he would be tortured based on his illegal departure and his past conflict with public security officers. Accordingly, the IJ did not err by finding that he failed to satisfy his burden of proof, as his only direct evidence was a claim that a friend had been imprisoned after an illegal departure, but he did not claim that his friend had been tortured while imprisoned. To the extent Jing challenges the IJ's adverse credibility finding, the finding is irrelevant, as the IJ found that, even if credible, Jing had failed to satisfy his burden of proof.

For the foregoing reasons the petition for review is DENIED.